PEOPLE *v.* STARBIRD.

1. APPEAL AND ERROR—EVIDENCE—SAVING QUESTION FOR REVIEW.
    A question as to the admissibility of evidence, raised for the first time in the Supreme Court, will not be considered.

2. SAME—CONDUCT OF COURT—SAVING QUESTION FOR REVIEW.
    Objection to the comment of the trial court upon defendant's failure to take the stand in his own behalf, in a prosecution for larceny, will not be considered by the Supreme Court, where not covered by an assignment of error.

3. SAME—ARGUMENT OF PROSECUTOR—SAVING QUESTION FOR RE-
VIEW.

> Mere exceptions to alleged improper remarks of the
> prosecuting attorney, without request that the jury be
> cautioned or instructed in respect thereto, *held*, not to
> save said question for review.

Error to recorder's court of Detroit; Marsh (Pliny
W.), J.    Submitted February 15, 1924.    (Docket
No. 157.)    Decided March 5, 1924.

Clyde Starbird was convicted of larceny.    Affirmed.

*Arthur Sauve* (*Philip H. Cale*, of counsel), for ap-
pellant.

*Andrew B. Dougherty*, Attorney General, *Paul W.
Voorhies*, Prosecuting Attorney, and Robert M. Toms,
Assistant Prosecuting Attorney, for the people.

CLARK, C. J.    Defendant reviews on error a judg-
ment upon conviction of larceny.    The property in
question was a Ford coupe, on which the license plates
and engine numbers had been changed.    Following
the arrest, certain dies were taken from defendant's
home and offered and received in evidence.    It is
urged that the dies were procured by means of an un-
lawful search and seizure.    This question was not
raised in the trial court, and, therefore, will not be
considered here.

It is said that the court erred in his comment upon
defendant's failure to take the stand as a witness in
his own behalf.    This is not covered by an assignment
of error, and, therefore, will not be considered.

Certain remarks of the prosecuting attorney are said
to be improper.    They were excepted to merely.
There was no request that the jury be cautioned or in-
structed respecting such remarks, which, if improper,
could have been cured by an instruction.    Hence they

will not be discussed.   *People* v. *Osborn,* 205 Mich. 531; *Walz* v. *Insurance Co.,* 221 Mich. 326.

Other questions presented have been considered. No reversible error appears.

Judgment affirmed.

MCDONALD, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.